UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

RICHARD PANTHER, )
    Plaintiff, )
)
v. ) No. 3:10-CV-114
) (Phillips/Guyton)
MICHAEL J. ASTRUE, )
COMMISSIONER OF SOCIAL SECURITY, )
    Defendant. )

## MEMORANDUM OPINION

This social security appeal is before the court for consideration of the plaintiff's objections [Doc. 19] to the report and recommendation filed by United States Magistrate Judge H. Bruce Guyton [Doc. 18]. Magistrate Judge Guyton found the Commissioner's decision that plaintiff is not disabled is supported by substantial evidence in the record as a whole and recommended that plaintiff's motion for summary judgment be denied and that defendant Commissioner's motion for summary judgment be granted.

Plaintiff made his application for disability insurance benefits alleging disability beginning July 1, 2006. The claim was denied by the administrative law judge (ALJ) on September 4, 2008. The Appeals Council denied the plaintiff's request for review. Plaintiff sought judicial review of the Commissioner's decision. As required by 28 U.S.C. § 36(b)(1) and Rule 72(b), Fed.R.Civ.P., this court has now undertaken a *de novo* review of those

portions of the report and recommendation to which plaintiff objects. For the reasons that follow, the objections will be overruled.

Plaintiff argues that ALJ violated his duty to acknowledge and explain the weight of Dr. Park's medical opinion. The court finds plaintiffs' argument without merit. As pointed out by Magistrate Judge Guyton, Dr. Park is a "nontreating source" under the regulations because she examined plaintiff one time, and "did not have an ongoing treatment relationship" with plaintiff when she issued her May 2008 opinion. *See* 20 C.F.R. §§ 404.1502, 416.902. The regulations only consider a doctor to be a treating source if the doctor has treated a claimant "long enough to have obtained a longitudinal picture" of any impairments. *See* 20 C.F.R. §§ 404.1527(d)(2)(i), 416.927(d)(2)(i); *Kornecky v. Comm'r of Soc. Sec.,* 167 Fed. Appx. 496, 506 (6th Cir. 2006) (holding that a single examination did not suffice to render a doctor a treating physician). Accordingly, Dr. Park was not a treating source and her opinion is not entitled to controlling weight as a treating source opinion.

Moreover, the ALJ clearly took notice of Dr. Park's opinion, citing it on page 13 of the transcript. Because Dr. Park's opinion was contradictory, unsupported by her own objective findings and inconsistent with other substantial evidence of record, the ALJ properly did not credit it. Dr. Park opined that plaintiff could work full time and then made unsupported and contradictory findings about his exertional and non-exertional limitations which were incompatible with full-time work and unsupported by Dr. Park's own consultative examination notes, other substantial evidence from Dr. Page and Dr. Hussain,

and even plaintiff's own statements about his abilities. Dr. Park neither reconciled these incompatible findings, not did she offer any explanation or support for limitations she listed. Accordingly, the ALJ's decision not to weigh Dr. Park's opinion was not in error. *See Wilson v. Comm'r of Soc. Sec.,* 378 F.3d 541, 547 (6th Cir. 2004).

Finding no error in the report and recommendation, the court will overrule plaintiff's objections; deny plaintiff's motion for summary judgment; grant defendant Commissioner's motion for summary judgment; and dismiss this case.

**ENTER:**

s/ Thomas W. Phillips
United States District Judge